(Name)

(Address)

(City, State, Zip)

(CDC Inmate No.)

FILED

08 JUN 26 PM 3: 25

CLERK, U.S. DISTRICT C...
SOUTHERN DISTRICT OF CALIFORNIA

BY: _E Ce_    DEPUTY

# United States District Court
## Southern District of California

(Enter full name of plaintiff in this action.)

Karen Der Margosian

Plaintiff,

v.

UCSD Medical Center
9850 Campus Point Dr
La Jolla, CA 92037

,

(Enter full name of each defendant in this action.)

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**'08 CV 1145 JM WMc**

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff,

Karen Der Margosian    who presently resides at    (print Plaintiff's name)

9914 Mission Vega Rd, #1
Santee CA 92071

(mailing address or place of confinement)
, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at UCSD medical Center

on (dates) June 13, 2006    , and continuing

(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1



Defendant _UCSD Medical Ctr_ resides in _San Diego_ ,
                    (name)                                              (County of residence)
and is employed as a                                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her    individual    official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:


Defendant                              resides in                                          ,
                    (name)                                              (County of residence)
and is employed as a                                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her    individual    official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:


Defendant                              resides in                                          ,
                    (name)                                              (County of residence)
and is employed as a                                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her    individual    official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:


Defendant                              resides in                                          ,
                    (name)                                              (County of residence)
and is employed as a                                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her    individual    official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Disability

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On June 10, 2006 at around 8:30pm Mr. Ronjiit Sheety was talking with Yin about staying over his 8:30pm time to leave. In the conversation Mr. Sheety proceeded to say "I need you to stay over, all I have is this little person." This was said in my presence and as he said this comment he looked at me. I have that I felt that Mr. Sheety did not mean anything by his discriminatory remark. However, as things progressed in my employment, I realized that there was egregious intent by his comment. Mr. Sheety's egregious comment led to my co-workers and supervisors having a impression that I was not a worthy employee, which led to my termination. On June 13, 2006 I informed management of what transpired with Mr. Sheety. I spoke with Ms. Baber, and she deferred this to Ms. Kahn. Ms. Kahn never discussed the matter in any formal manner, she only stated the she spoke with him and that she hoped that he was better.

Ms. Kahn stated that she was not able to convert me to career status when she terminated me from employment on December 14, 2006. Ms. Kahn further harassed me after my employment when I would ask for a document that was to be given to me when I was terminated but was not. Now UCSD Medical Center is stating poor score on the traypasser competency test, inability to get along with co-workers, patient/nurse complaints. Ms. Baber, my immediate supervisor never expressed any concern in my employment with UCSD Medical Center, especially the reason given for my termination in employment.

UCSD Medical Center's egregious actions have been very devastating to me. I have a difficult enough time with the general population making comments about me. Employment is where one can generally feel free discrimination, which makes it that much more demoralizing. To this day I have never felt that UCSD Medical Center empathy for what Mr. Sheety demoralizing comment. In fact there lack of empathy is why I am bringing this lawsuit forward.

Count 2:  The following civil right has been violated: _____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

  Supporting Facts:    [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Count 3:  The following civil right has been violated:

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?     Yes ✗  (No)

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____.

(d)  Issues raised:

_____

_____

_____

_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?    Yes    No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

## E. Request for Relief

Plaintiff requests that this Court grant the following relief:

     1. An injunction preventing defendant(s):

     2. Damages in the sum of $

     3. Punitive damages in the sum of $ 100,000.00

     4. Other:

## F. Demand for Jury Trial

Plaintiff demands a trial by **X** Jury    Court. (Choose one.)

## G.  Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

    I declare under the penalty of perjury that the foregoing is true and correct.

6/24/08
Date

*Karen Des Margosian*
Signature of Plaintiff

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | KAREN DERMARGOSIAN<br>9914 Mission Vega Road, #1<br>Santee, CA 92071 | From: | Los Angeles District Office<br>255 E. Temple St. 4th<br>Los Angeles, CA 90012 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative<br>**Legal Officer of the Day,** | Telephone No.<br>**(213) 894-1096** |
|---|---|---|
| **37A-2007-13213** | | |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____                    April 14, 2008

Olophius E. Perry,                                        *(Date Mailed)*
**District Director**

Enclosures(s)

cc:    **UNIVERSITY OF CA - SAN DIEGO, MEDIC**
9850 Campus Point Drive
La Jolla, CA 92037

Enclosure with EEOC
Form 161 (2/08)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --**     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --   Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

** EMPLOYMENT **

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200607-D-1120-00-pe

EEOC # 37AA713213

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**DerMARGOSIAN, KAREN**

ADDRESS
**9914 MISSION VEGA ROAD #1**

TELEPHONE NUMBER (INCLUDE AREA CODE
**(619) 448-2805**

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| SANTEE | CA | 92071 | SAN DIEGO | 073 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
**UNIVERSITY OF CALIFORNIA SAN DIEGO, MEDICAL CENTER**

ADDRESS
**9850 CAMPUS POINT DRIVE**

TELEPHONE NUMBER (INCLUDE AREA CODE
**(858) 657-6473**

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| LA JOLLA | CA | 92037 | SAN DIEGO | 073 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])

☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION

☐ COLOR   ☐ AGE   ☒ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☒ OTHER (SPECIFY) **Retaliation for Protesting**

NO. OF EMPLOYEES/MEMBERS CODE
**1,000**

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) **December 14, 2006**

RESPONDENT
**91**

THE PARTICULARS ARE:

I. On December 14, 2006, I was terminated from my position as Food Service Worker (Temporary), paid $9.65 per hour. I was hired on March 5, 2006.

II. Donna Kahn, Manager, said I was terminated because she was not able to convert me to career status. I was surprised because I was scheduled to work up to January 13, 2007.

III. I believe I was discriminated against when terminated in retaliation for having complained about harassment based on my disability (Turner Syndrome). I base my belief on the following:

A. In June 2006, I complained about verbal harassment to Laura Baber, Supervisor and Ms. Khan. They indicated that they would take care of it.

B. On December 14, 2006, Ms. Khan said I was terminated because she could not convert me to career status. I had a satisfactory or better evaluation and was scheduled to work until January 13, 2007. As a result of the termination, I could not longer apply for internal promotional positions.

**RECEIVED**

MAR 26 2007

SAN DIEGO
DISTRICT OFFICE

Typed and mailed for signature March 15, 2007

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _March 20, 2007_

At _Santee, Ca_
City

_Karen DerMargosian_
COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)          SD:GLO:af
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: **March 26, 2007**

STATE OF CALIFORNIA

**Web Search**

 at&t

Welcome, karenlynn423@sbcg...
[Sign Out, My Account]

Mail Home  Tutorials  Help

Addresses    Calendar    Notepad

Mail For Mobile - Mail Upgrades - Options

| Check Mail | Compose |

Search Mail    Search the Web

Folders    [Add · Edit]

Inbox

Draft

Sent

Bulk (44)    [Empty]

Trash    [Empty]

My Folders    [Hide]

Dorothy

Search Shortcuts

My Photos

My Attachments

Previous | Next | Back to Messages

| Delete | Reply | Forward | Move... |

This message is not flagged. [ Flag Message - Mark as Unread ]

Printable View

Date:   Tue, 20 Mar 2007 19:59:28 -0700 (PDT)

From:   "Karen Der Margosian" <karend423@yahoo.com>  ⊕ Add to Address Book  ⬦ Add Mobile Alert

Subject:   A note from Karen DerMargosian

To:   tbbecker@ucsd.edu

I wanted to write to you as a result of the March 12, 2007 meeting that took place regarding my employment with UCSD Healthcare. I would like to better clarify somethings, so that a correct and informed decision can be made.

UCSD Healthcare claims perfomance issues were the reason for the release of my employment. However, on December 14, 2006 Donna Kahn stated that she was not able to convert me to career status. She further stated that rather than prolong my employment because of her inability to convert me, she would rather end my employment now. Ms. Kahn additionally stated that I was a good employee.

In the March 12, 2007 meeting, management brought up a number of performance issues as to the reason for the termination of my employment. The issues that were brought up, I was unaware happened or unaware that it was a concern of management's. It was said that there were multiple patient complaints, but there was nothing specific to this comment. I find this comment really odd because Laura Baber told me that she received multiple positive remarks from patients. One of the patients requested that I see them before they were discharged. This was even mentioned in our September 20, 2006 department meeting.

Management claims that I did not write the temperatures down in the log book in the nutrition room and nor did I clean the nutrition room. Regarding the temperature log, Asif Dar said he would do the temps when he takes the nutrition room stock up as that is when it is to be done. I even further stated that I would do it and was told not to. Cleaning of the nutrition room was a matter of who's responsibility it was to clean. I was asked to clean all the nutrition rooms and I went to do it and made the supervisor aware that it was going to be awhile because they were really dirty. The supervisor said OK. I asked Asif Dar and William Jackson(EVS evening supervisor) who's responsibility it was to clean and mop that area. Both supervisors said that they were not sure and they would find out who's responsibility it was. They did not get back to me, however, I would always do my best to keep the nutrition room clean. One of the ICU nurses commented to Donna Kahn about the good job I did cleaning the nutrition room in ICU. These issues were never brought to my attention.

Arguing with co-workers was another issue that was not mentioned. I never argued with any co-workers. Management never made me aware there was a problem. I even refrained from making a scene when my supervisor called me a little person in front of my co-workers. I was very embarrassed and I felt this might diminish the staffs' ability to work with me as they would view me as handicapped or disabled.

Management stated that I got below 80% on my skills test. Laura Baber never stated this was a problem in the two skills test I had. The first test I received a 70% and Laura Baber was pleased and said that this will improve in time. It did improve to 77% and nothing was said about the score, other than how I scored on each section.

I do not know if there were any other issues brought up in this meeting. It is my strong belief that I was never really given an equal chance in my employment. Mr. Sheety referred to me as a little person in front of others and to my co-workers. I informed my supervisor regarding this comment and after that it seemed my employment went downhill. I am getting mixed signals from management. They say that I am a welcome addition to the department, interviewed me for a senior food service worker position, tells me that I am a good worker, yet they release me from my employment due to performance issues. I really do not understand.

I hope that this will assist you in making an informed decision regarding the mistakes that management have made. Please do not hesitate to contact me if you need more information. Thank you for your continued effort and support.

Sincerely,
Karen DerMargosian

| Delete | Reply | Forward | Move... |

Previous | Next | Back to Messages

Save Message Text | Full Headers

| Check Mail | Compose |

| Search Mail | Search the Web |

Copyright 2007 © Yahoo! Inc. Privacy Policy | Terms of Service | Send Feedback | Help

AT&T Yahoo! Mail - karend423@yahoo.com      Page 1 of 2

Case 3:08-cv-01145-JM-WMC    Document 1    Filed 06/26/2008    Page 13 of 29

**Web Search**

≋ at&t       Welcome, karenlynn423@sbcg...      Mail Home   Tutorials   Help
[Sign Out, My Account]

   Addresses      Calendar      Notepad        Mail For Mobile - Mail Upgrades - Options

| Check Mail | Compose |           | Search Mail | Search the Web |

**Folders**   [Add - Edit]    Previous | Next | Back to Messages

   Inbox           | Delete | Reply | Forward | Move... |

   Draft

   Sent           This message is not flagged. [ Flag Message - Mark as Unread ]       Printable View

   Bulk (11)   [Empty]    **Date:**   Thu, 15 Feb 2007 07:33:13 -0800 (PST)

   Trash      [Empty]    **From:**   "Karen Der Margosian" <karend423@yahoo.com>   ✆ - Add to Address Book   ⁞ Add Mobile Alert

**My Folders**    [Hide]    **Subject:**   Re:

   Dorothy          **To:**   "Kahn, Donna" <Kahn-Donna@aramark.com>

                  **CC:**   rihana-maria@aramark.com, tbbecker@ucsd.edu

**Search Shortcuts**

   My Photos

   My Attachments

I am not harassing you, "harassment" is very strong language. My previous emails contain the words please and appreciate, and this is not harassing language. However, once again I have received a response from you and I still do not have the document I requested. Therefore, I am forwarding a copy of our previous emails to your supervisor and perhaps she can assist you in sending this document.

Karen

----- Original Message ----
From: "Kahn, Donna" <Kahn-Donna@aramark.com>
To: Karen Der Margosian <karend423@yahoo.com>
Cc: tbbecker@ucsd.edu
Sent: Wednesday, February 14, 2007 11:35:50 AM
Subject: RE:

Karen- this is bordering on harassment. I have sent it to you twice now. I will resend via certified mail. Should you have any further needs please contact Tom Becker in Labor Relations at 619-543-8246

*Donna L. Kahn, MBAHCM, CDM, CFPP*
*Hospitality Services Location Manager*
*UCSD Medical Center - La Jolla Campus*
*9300 Campus Point Drive*
*La Jolla, CA 92037*

*Ph: 858-657-6473*

From: Karen Der Margosian [mailto:karend423@yahoo.com]
Sent: Wed 2/14/2007 10:45 AM
To: Kahn, Donna
Subject:

Seeing how I have not heard back from you nor have I received the proof of service, I will assume that you have changed your mind in wanting to give me my proof of service.

Karen

Delete | Reply | Forward | Move...

Previous | Next | Back to Messages                                    Save Message Text | Full Headers

Check Mail | Compose                                    Search Mail | Search the Web

Copyright 2007 © Yahoo! Inc.   Privacy Policy | Terms of Service | Send Feedback | Help

Web Search

 at&t

Welcome, karenlynn423@sbcg...
[Sign Out, My Account]

Mail Home   Tutorials   Help

Addresses     Calendar     Notepad

Mail For Mobile - Mail Upgrades - Options

| Check Mail | Compose |

Search Mail | Search the Web

**Folders**     [Add - Edit]

Inbox
Draft
**Sent**
Bulk (11)     [Empty]
Trash     [Empty]

**My Folders**     [Hide]

Dorothy

**Search Shortcuts**

My Photos
My Attachments

Previous | Next | Back to Messages

| Delete | Reply | Forward | Move... |

This message is not flagged. [ Flag Message - Mark as Unread ]     Printable View

**Date:**  Thu, 15 Feb 2007 07:22:23 -0800 (PST)

**From:**  "Karen Der Margosian" <karend423@yahoo.com>     Add to Address Book     Add Mobile Alert

**To:**  rihana-maria@aramark.com

**CC:**  kahn-donna@aramark.com, tbbecker@ucsd.edu

Hi-

I recently have received an accusatory email from Donna Kahn. I hope that you can
assist her in my request for my proof of service. Supervisors/managers should be
trained in how to respond to their employees. I am very disturbed that I have been
referred to as a little person in front of other by Ronjiit Sheety and boardering
harassment via email by Donna Kahn. I have done nothing to provoke these rude and
discriminatory comments. Your assistance will be greatly appreciated.

Thanks
Karen DerMargosian

| Delete | Reply | Forward | Move... |

Previous | Next | Back to Messages

Save Message Text | Full Headers

| Check Mail | Compose |

Search Mail | Search the Web

Copyright 2007 © Yahoo! Inc. Privacy Policy | Terms of Service | Send Feedback | Help

**From:** Kahn, Donna
**To:** Karen Der Margosian
**Date:** Wednesday, February 14, 2007 11:35:50 AM
**Cc:** tbbecker@ucsd.edu
**Subject:** RE:

Karen- this is bordering on harassment. I have sent it to you twice now. I will resend via certified mail. Should you have any
further needs please contact Tom Becker in Labor Relations at 619-543-8246

*Donna L. Kahn, MBAHCM, CDM, CFPP*
*Hospitality Services Location Manager*
*UCSD Medical Center - La Jolla Campus*
*9300 Campus Point Drive*
*La Jolla, CA 92037*

*Ph: 858-657-6473*

**From:** Karen Der Margosian [mailto:karend423@yahoo.com]
**Sent:** Wed 2/14/2007 10:45 AM
**To:** Kahn, Donna
**Subject:**

Seeing how I have not heard back from you nor have I received the proof of service, I will assume that
you have changed your mind in wanting to give me my proof of service.

Karen

**From:** Karen Der Margosian
**To:** kahn-donna@aramark.com
**Date:** Wednesday, February 7, 2007 10:03:35 AM
**Subject:**

I do not understand as to the reason for your delay in sending me my proof of services that I have not received and that you said that you would send on multiple occasions. It would greatly be appreciated if you could send that to me as soon as possible!!

Sincerely,
Karen DerMargosian
9914 Mission Vega Rd., #1
Santee, CA  92071

**From:** Karen Der Margosian
**To:** Kahn, Donna
**Date:** Thursday, January 18, 2007 11:31:18 AM
**Subject:** Re:

My mailing address is
Karen DerMargosian
9914 Mission Vega Rd., #1
Santee, CA 92071

----- Original Message ----
From: "Kahn, Donna" <Kahn-Donna@aramark.com>
To: Karen Der Margosian <karend423@yahoo.com>
Sent: Thursday, January 18, 2007 10:59:49 AM
Subject: RE:

Karen-
I will resend out to you. Please verify your mailing address. I am not back in my office until Monday Jan 22nd. Thanks for
following up

*Donna L. Kahn, MBAHCM, CDM, CFPP*
*Hospitality Services Location Manager*
*UCSD Medical Center - La Jolla Campus*
*9300 Campus Point Drive*
*La Jolla, CA 92037*

*Ph: 858-657-6473*


**From:** Karen Der Margosian [mailto:karend423@yahoo.com]
**Sent:** Thu 1/18/2007 7:24 AM
**To:** Kahn, Donna
**Subject:**

Ms. Kahn

I wrote to you on December 18, 2006 asking that the proof of service be sent and you stated that it
would be sent.  I have not recieved it yet.  Please send it to me.

Karen DerMargosian

**From:** Karen Der Margosian
**To:** Kahn, Donna
**Date:** Thursday, January 18, 2007 11:31:18 AM
**Subject:** Re:

My mailing address is
Karen DerMargosian
9914 Mission Vega Rd., #1
Santee, CA 92071

----- Original Message ----
From: "Kahn, Donna" <Kahn-Donna@aramark.com>
To: Karen Der Margosian <karend423@yahoo.com>
Sent: Thursday, January 18, 2007 10:59:49 AM
Subject: RE:

Karen-
I will resend out to you. Please verify your mailing address. I am not back in my office until Monday Jan 22nd. Thanks for
following up

*Donna L. Kahn, MBAHCM, CDM, CFPP*
*Hospitality Services Location Manager*
*UCSD Medical Center - La Jolla Campus*
*9300 Campus Point Drive*
*La Jolla, CA 92037*

*Ph: 858-657-6473*

**From:** Karen Der Margosian [mailto:karend423@yahoo.com]
**Sent:** Thu 1/18/2007 7:24 AM
**To:** Kahn, Donna
**Subject:**

Ms. Kahn

I wrote to you on December 18, 2006 asking that the proof of service be sent and you stated that it
would be sent.  I have not recieved it yet.  Please send it to me.

Karen DerMargosian

I will forward on to you via mail. Also I notified Terri Ryder regarding the 4 hours of pay and she will be getting that corrected for you. Thanks

Donna L. Kahn, MBAHCM, CDM, CFPP
Hospitality Services Location Manager
UCSD Medical Center - La Jolla Campus
9300 Campus Point Drive
La Jolla, CA 92037

Ph: 858-657-6473


**From:** Karen Der Margosian [mailto:karend423@yahoo.com]
**Sent:** Mon 12/18/2006 11:39 AM
**To:** Kahn, Donna
**Subject:**

Ms. Kahn:

I am writing to inform you that I did not recieve my proof of service as noted in your attachments in your release from employment letter dated December 14, 2006.  Please send it to me as soon as you are able.  Additionally,  I am informing you that I gave all my uniforms and the nutrition room key to Mr. Ronjiit Sheety on December 16, 2006.  UCSD Medical Center therefore have all its property back.

Karen DereMargosian

# Traypassers Competency Checklist

Name of Employee: Karen D          Audit Completed by: Laura          Date: 3/3/16

Meal:  Breakfast    Lunch    (Dinner)    Uniform? (Y) N (5 point)    ID Present? (Y) N (5 points)

| Competency<br>Does the employee ___ ? | Pt 1 | Pt 2 | Pt 3 | Pt 4 | Pt 5 | Comments and/or Corrective Action |
|---|---|---|---|---|---|---|
| Knocks? | | ✓ | ✓ | ✓ | ✓ | |
| "My Name is ___ " | | ✓ | ✓ | ✓ | ✓ | |
| "I am with Nutrition Services." | ✓ | ✓ | ✓ | ✓ | ✓ | |
| Set up the bedside table | ✓ | ✓ | ✓ | ✓ | ✓ | |
| Verify patients name by checking armband or having patient state his/her name | ✓ | ✓ | ✓ | ✓ | ✓ | Said is name |
| Take empty trays from previous meals out of the room; take trays left on sink areas to the pantry | ✓ | NA | NA | NA | NA | other than own |
| Sanitizes hands when leaving the room | | | | | | |
| "Is there anything else I can do for you?" | | | | | | |
| "Thank you and have a nice day." Yes? No? Maybe? | ✓ | ✓ | ✓ | ✓ | ✓ | |
| Ask if patient wants door open or closed when leaving the room | | | | | | |
| Document trays delivered and delivery time | | | | | | |
| Deliver trays within the 45 minute timeline | | | | | | |
| Follow proper ergonomic techniques for bending, lifting, etc. | | | | | | |

Total Score = ___ / ___ points    Avg Tray delivery time

NOTES:

Each question worth 5 points. Perfect Score is 335 points. Passing score is 268 points (80%).

04/16/2007  14:12    8586576972                    THORNTON NUTRITION                    PAGE 03/04

# Traypassers Competency Checklist

Name of Employee: _Karen_    Audit Completed by: _Laura_    Date: _11/7/06_

Meal: Breakfast  (Lunch)  Dinner    Uniform (Y) N (5 point)    ID Present (Y) N (5 points)

| Competency<br>Does the employee___? | Pt 1 | Pt 2 | Pt 3 | Pt 4 | Pt 5 | Comments and/or Corrective Action |
|---|---|---|---|---|---|---|
| Knocks? | ✓ | ✓ | ✓ | ✓ | ✓ | |
| "My Name is ___" | ✓ | ✓ | ✓ | ✓ | ✓ | |
| "I am with Nutrition Services." Or "Room Service" | ✓ | ✓ | ✓ | ✓ | ✓ | |
| Set up the bedside table | did not name | said name | said name | Said name | said name | |
| Verify patients name by checking armband or having patient state his/her name | NA | NA | NA | NA | NA | several times bedside didn't fit |
| Take empty trays from previous meals out of the room; take trays left on sink areas to the pantry | ✓ | ✓ | ✓ | ✓ | | |
| Sanitizes hands when leaving the room | ✓ | ✓ | ✓ | ✓ | ✓ | |
| "Is there anything else I can do for you?" | | | | | | |
| "Thank you and have a nice day." | | | | | Yes | |
| Ask if patient wants door open or closed when leaving the room | | | | | | |
| Document trays delivered and delivery time | yes | yes | yes | | | |
| Deliver trays within the 45 minute timeline | 11:25 | 11:27 | 11:23 | 11:28 | 11:22 | |
| Follow proper ergonomic techniques for bending, lifting, etc. | | | | | | |
| | (27) | (27) | (63)* | (40) | (43) | 29 |

Total Score = 47    60    points

NOTES: good did not (position?) bed    did not serve lunch for new list

good about checked w/ Po magnet    79.8%

Did not time 2 room    * Karen also scheduled for room delivery

Each question is worth 1 point- perfect score is out of 67 total with no "NA". Passing score is 80%
Updated August 14, 2006

03/06/2007 17:49    8586576972        THORNTON NUTRITION                    PAGE 03/83

## UCSD Thornton Nutrition Turn Over Log

### New Hires

| Name | % | Date | |
|------|---|------|---|
| Hervey, Jackie | 40 | 3/7/2006 | *has since converted to 50 |
| Dermogosian, Karen | 40 | 3/7/2006 | |
| Simmons, Dion | 40 | 3/24/2006 | |
| Rummel, Perry | 40 | 4/21/2006 | |
| Ruby, Abraham | 40 | 4/21/2006 | |
| Xu, Rouling "Carolyn" | 40 | 6/16/2006 | |
| Peraz-Buenida, Martha | 40 | 6/30/2006 | *has since converted to 50 |
| Collins, Lena | 40 | 6/30/2006 | *has since converted to 50 |
| Benhun, Yordanis | 40 | 7/10/2008 | *has since converted to 50 |
| Garcia, Fernando | 40 | 9/15/2006 | |
| Declairville, Marc | 40 | 10/6/2006 | |
| Smith, Regina | 40 | 10/6/2006 | |
| Raman, Mario | 40 | 10/6/2006 | |
| Ravy, Catherine | per diem | 12/4/2006 | |
| Ngyuen, Alison | 20 | 12/4/2006 | |
| Thirith, Yin | 100 | 12/5/2006 | |
| Caulderon, Faviola | 40 | 2/4/2007 | |

### Termination

| Name | Date | | |
|------|------|---|---|
| Bedore, Philip | 3/3/2006 | | Perf Iss. ? |
| ~~Spenceley, John Ryan~~ *Kath. pay* | 3/5/2006 | Resigned | Another Job |
| ~~Pompa, Moises~~ | 3/27/2006 | Resigned | Another Job |
| ~~Pompa, Arianda~~ | 6/2/2008 | Resigned | Another Job |
| ~~Duran, Carlos~~ ✓ | 7/7/2008 | Resigned | Another Job |
| McNeal, Lorenzo | 6/7/2008 | Resigned | Student |
| ~~Cheng, Mary~~ *student* | 7/1/2006 | Resigned | Student |
| ~~Posada, Ana~~ *relotul* | 7/20/2006 | Resigned | Relocating |
| Alvarez, Elizabeth | 7/14/2006 | Resigned | Student |
| Malaku, Senayzeman | 10/2/2006 | | Perf Iss. |
| Rakitic, Zoran | 10/17/2006 | | Student-could no longer accommo |
| Mar, Alyson | 10/21/2006 | Resigned | Student |
| Xu, Rouling "Carolyn" | 9/29/2006 | Resigned | Student |
| Smith, Regina | 11/30/2006 | Resigned | Health |
| Herrera, Roberto | 12/15/2006 | | Perf Iss. *before 1000* |
| Dermagosian, Karen | 12/14/2006 | | Perf Iss. *780.25* |
| ~~Solbrig, Matthew~~ | 12/19/2006 | | Student |
| Declairville, Marc | 12/29/2006 | Resigned | Another Job |
| Garcia, Fernando | 1/20/2007 | | Perf Iss. |

E.  Pursuant to University procedures, fees may be charged for making copies of personnel file information or extracts thereof; however, there is no charge for the first copy of the individual employee's own records.

**Article 28**
**POSITIONS/APPOINTMENTS**

A.  CAREER APPOINTMENTS

1.  Career appointments are established for a fixed or variable percentage of time at 50% or more of full-time and are expected to continue for one year or longer.

2.  A career appointment may also be established by conversion from a limited appointment pursuant to Section B. 4. and B. 5., of this Article.

B.  LIMITED APPOINTMENTS

1.  A limited appointment is established at any percentage of time, fixed or variable, during which the appointee is expected to be on pay status for less than one thousand (1000) hours in a rolling 12-month period.

2.  Employees in limited appointments are at will, except that the University will not terminate limited appointment employees for the sole purpose of denying them career status.

3.  The termination of a limited appointment because the position lacks funding, or for other work-related reasons, does not constitute a termination designed to deny a limited appointment career status.

4.  Except as provided in §B.5, below, if a limited appointment employee attains one thousand (1,000) hours of qualifying service within a rolling twelve (12) months, without a break in service of at least one hundred twenty (120) consecutive calendar days, the incumbent's appointment shall convert to a variable career appointment of at least 50% time.

    a.  Qualifying service includes all time on pay status in one or more limited appointments at the campus/laboratory/hospital. Pay status shall not include any on-call, premium, or overtime hours.

    b.  Such career conversion shall be effective on the first day of the month following attainment of one thousand (1000) hours of qualifying service.

    c.  Employees who have been converted to career appointments shall serve a probationary period in accordance with the provisions of Article 30 - Probationary Period.

    d.  Any break in service of 120 days or longer shall result in a new 12-month period for purposes of calculating the 1000-hour requirement.

5.  The automatic conversion to career status, as provided in §B.4, above will not occur when:

    a.  An employee who was hired as a replacement for another person who is on an extended leave that exceeds the 1,000 hours; or

    b.  The position into which the employee is hired is not an "ongoing" position, in that the position is established and funded for less than a year at any percent of time, or

    c.  The funding for the position is "one time" funding, of eighteen months or less, or the employee was hired specifically to work on a short-term project lasting no more than one year.

6.  Disputes:

    a.  Except as provided in §6.a.1) and §6.a.2), and §6.b., below, employees in limited appointments may have their appointment terminated or have their time reduced at the sole discretion of the University and without recourse to the grievance and arbitration procedures of this Agreement. Disputes by Limited Appointees are not subject to the grievance and arbitration procedures of this Agreement, except:

        1)  When a limited employee has been released after working greater than a thousand (1,000) hours, or

        2)  When a limited employee has be released for the sole purpose of denying her/him career employment.

    b.  AFSCME shall bear the burden of proof when raising any allegation that a limited employee's termination is grievable/arbitrable.

C.  PARTIAL-YEAR APPOINTMENTS

Partial-year appointments are career appointments established with regularly scheduled periods during which the incumbents remain employees but are not at work. These scheduled periods during which employees are not at work are designated as furloughs and are without pay. Such scheduled periods need not be consecutive in time. Furloughs are not to exceed a total of three months in each calendar year.

D.  PER DIEM APPOINTMENTS

1.  Per diem appointments are established at any percentage of time regardless of the duration of the appointment. These appointments are on a pre-established to supplement career and limited appointments on a pre-established basis or as needed on a day-to-day basis when necessary to supplement appropriate staffing of the University medical centers and other health care facilities. The number of Per Diem appointments may fluctuate in response to patient issues such as census, level of care, and acuity changes.

2.  The University does not generally intend to replace career employees with Per Diem employees.

3.  The University agrees that the ratio of Per Diem to career employees will not grow by more than 12% over three years.

4.  Employees in per diem appointments may be scheduled or not scheduled, called off from a pre-established schedule, or have their eligibility for scheduling discontinued at the sole discretion of the University and without recourse to Article 9 - Grievance Procedure or Article 3 - Arbitration Procedure of this Agreement, except as provided in §D.7 of this Article.

5.  Employees who are in per diem appointments are covered by per diem salary rates (by agreement rates), the overtime provisions in Article 12, Overtime, Article 14, §C.6, Pregnancy Disability Leave, Article 15, Hours of Work, Article 22, No Strikes, and Article 45, Work Rules. Per Diem employees may be released or have their time reduced at the sole discretion of the University and without recourse to the Layoff procedures of this Agreement.

- 74 -

- 75 -

STATE OF CALIFORNIA – State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
4800 Stockdale Hwy, Ste.215, Bakersfield, CA  93309
(661) 395-2729  TTY (800) 700-2320  Fax (559) 661-395-2972
www.dfeh.ca.gov



March 11, 2008

Karen DerMargosian
9914 Mission Vega Rd., #1
Santee, CA   92071

RE:    DERMARGOSIAN/University of CA—San Diego Medical Center
       DFEH No. E 200607 D-1120-00-pe/EEOC No. 37A A7 13213

Dear Ms. DerMargosian:

This correspondence is in regards to your written rebuttal to the Department's
notice of investigative findings dated February 26, 2008. I appreciate you reporting
your concerns and providing additional information about your case. After
reviewing the case file, I find that our agency properly concluded that there is
insufficient evidence to prove your claim of discrimination. Therefore, your case
will be submitted for formal closure. My hope is that the following information
assists you in understanding this decision.

A.    In your complaint, you alleged that you were subjected to an incident of a
      verbally biased comment in reference to your disability (Turner Syndrome).
      You further alleged that you were terminated in retaliation for having
      complained about the discriminatory conduct.  A copy of your filed complaint
      is enclosed for your convenience.  The investigation was only conducted on
      those harms alleged in the officially filed complaint.

B.    In order to prove a violation of the Fair Employment and Housing Act (FEHA),
      a preponderance of the evidence must indicate the following:

      1.    Incident(s) constituting disability harassment occurred (verbally biased
            comment regarding disability) and were sufficiently severe or
            pervasive in nature to create a hostile work environment.)
      2.    Your complaint must qualify as opposition to practices prohibited
            under the FEHA and your protest or opposition to discriminatory
            conduct was a factor in the decision to terminate your employment.

C.    Witness testimony confirmed that one comment or reference to your short
      stature was made by a Supervisor.  This one comment does not constitute
      severe or pervasive conduct necessary to establish the requisite hostile work

DFEH-200-14 (02/02)

DERMARGOSIAN/University of CA—San Diego Medical Center
March 11, 2008
Page 2

environment.  This one comment is just not in and of itself egregious enough to establish a significant impact on the working environment.

D.    The parties agree that you complained to the employer about the comment by a supervisor referencing your short stature.  Witness testimony confirms that the employer immediately investigated the matter and took appropriate action to stop any further discriminatory incidents from occurring.  You confirmed that you did not report any further discriminatory incidents to the employer.  Under the Fair Employment and Housing Act, the employer's action is considered appropriate.

E.    The investigation found that you were approaching the 1000 hour point of your employment and that the employer has a practice of evaluating "limited appointment" employees as they approach this point to determine if they will be retaining them and thereby converting them to a more permanent status with benefits.  Witness testimony confirmed that a supervisor was asked about your performance and that of a male co-worker also approaching the 1000 hour point.  The supervisor indicated that he did not recommend either you or the male co-worker be retained due to ongoing performance concerns.  In your case he cited your difficulty in working with others.  He denied that your earlier discrimination complaint was a factor in his recommendation.  This information does not support that you were terminated either in retaliation for your internal discrimination complaint or because of your disability.

F.    The fact that your termination ended your ability to qualify to apply for internal promotional positions is not in and of itself discriminatory.  This policy affects all employees whose employment ends.

G.    You stated in your most recent correspondence that you viewed requests to call you into work on your scheduled day off and providing your telephone number to a co-worker to facilitate contact about coming into work as a form of harassment.  Based on your information this conduct does not constitute discriminatory harassment within the jurisdiction of this Department or a violation of the FEHA.

DERMARGOSIAN/University of CA—San Diego Medical Center
March 11, 2008
Page 3

H.    In addition, you mentioned being excluded from personal socializing opportunities with co-workers outside of the work place. You did not provide any information to indicate that this alleged harm is linked to your disability.

I.    It is true that an employer is not required to provide an explanation for termination of an individual's employment. Calling the separation from employment a "termination" or "release" does not prove or disprove anything about the underlying reasons for the ending of the employment.

J.    Issues over applying for future positions were not a focus of this investigation and the information is not relevant to the issues that were a subject of this investigation.

K.    Finding something odd or being provided incomplete information does not in and of itself prove or disprove that violations of the Fair Employment and Housing Act occurred.

I regret that I was unable to resolve this matter to your satisfaction. I sincerely hope that this letter clarifies the areas where you had further concerns. Although DFEH has concluded that the evidence and information did not support a finding that a violation of the FEHA occurred, the allegations and conduct at issue may be in violation of other laws. (These may include wrongful termination, violation of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent supervision, etc.) You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

As your case has been dually filed with the U. S. Equal Employment Opportunity Commission (EEOC) you have the right to request a review of our findings. To secure this review, you must request it in writing to the State and Local Coordinator of the EEOC, 255 Temple Street, Fourth Floor, Los Angeles, CA, 90012, (213)894-1000. Your request must be submitted within **fifteen (15) days**

DERMARGOSIAN/University of CA—San Diego Medical Center
March 11, 2008
Page 4


of your receipt of the case closure letter. I encourage you to pursue this review if
you still have concerns about the handling of the investigation.

Sincerely,

*Mary L. Bonilla*

Mary L. Bonilla
Regional Administrator
(661) 395-2796

cc: District Administrator Belinda LeDoux

**°JS 44 (Rev. 11/07)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Karen DerMargosian

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

UCSD Medical Center 3:25

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'08 CV 1145 JM WMc**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[X] 710 Fair Labor Standards Act

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42:1983ed
Brief description of cause: Discrimination in employment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 100,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  6/26/08   SIGNATURE OF ATTORNEY OF RECORD  Karen DerMargosian

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

 CR