# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN DERMARGOSIAN,<br><br>            Plaintiff,<br><br>   vs.<br><br><br><br>UCSD MEDICAL CENTER,<br><br>            Defendant. | CASE NO. 08 CV 1145 JM (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT** |

Karen DerMargosian, a non-prisoner proceed pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 26, 2008. Defendant is her former employer. She claims that a discriminatory comment related to her disability led to the termination of her employment by Defendant. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the court **GRANTS** the motion to proceed IFO and sua sponte **DISMISSES** the complaint with leave to amend.

## I.     MOTION TO PROCEED IFP

Plaintiff's motion to proceed IFP reflects that she is not employed; her sole source of income is Social Security disability payments of $628 per month; she has a checking account with a $300 balance; her only significant asset is a 1997 Toyota Tercel; and she appears to have $630 in monthly

1   living expenses. Having considered these facts, the court **GRANTS** Plaintiff's motion to proceed IFP.

2   **II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

3   Pursuant to 28 U.S.C. § 1915(e)(2), the court may <u>sua sponte</u> dismiss the action if the
4   complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
5   monetary relief against an immune defendant.

6   The Eleventh Amendment prohibits suits by citizens against states or state instrumentalities.
7   <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429 (1997). Furthermore, § 1983 does not abrogate
8   a state's Eleventh Amendment immunity because neither states nor "arms of the State" are "persons"
9   for purposes of § 1983. <u>Will v. Michigan Dept of State Police</u>, 491 U.S. 58, 62, 70 (1989). The
10  University of California is generally considered to be an instrumentality of the state. <u>See</u> <u>BV Eng'g
11  v. Univ. of Cal.</u>, 858 F.2d 1394, 1395 (9th Cir. 1988); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1350 (9th
12  Cir. 1982). Thus, as a branch of the University of California, Defendant enjoys immunity from § 1983
13  suits. <u>See</u> <u>id.</u>; <u>see also</u> <u>Hale v. Arizona</u>, 993 F.2d 1387, 1399 (9th Cir. 1993) ("To determine if a
14  governmental agency is an arm of the state, [courts] look to state law and examine 'whether a money
15  judgment would be satisfied out of state funds, whether the entity performs central governmental
16  functions, whether the entity may sue or be sued, whether the entity has the power to take property
17  in its own name or only the name of the state, and the corporate status of the entity.'" (quoting
18  <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988))). Although
19  Plaintiff attaches a notice from the U.S. Equal Employment Opportunity Commission entitling her to
20  sue Defendant under Title VII, the Americans with Disabilities Act, the Age Discrimination in
21  Employment Act, or the Equal Pay Act, she does not allege facts showing that Defendant has waived
22  its immunity from suits under § 1983. <u>See</u> <u>Welch v. Texas Dep't of Highways & Public Transp.</u>, 483
23  U.S. 468, 473 (1987). Accordingly, the Eleventh Amendment bars Plaintiff's lawsuit.

24  In sum, the court **DISMISSES** the complaint <u>sua sponte</u> for failure to state a claim upon which
25  relief may be granted. Nevertheless, because Plaintiff possibly could cure the pleading defects
26  identified herein, the court grants leave to amend. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.
27  2000) (en banc) (leave to amend is generally appropriate unless court has determined "that the
28  pleading could not possibly be cured by the allegation of other facts").

### III.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Plaintiff's motion to proceed IFP and <u>sua sponte</u> **DISMISSES** the action with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  If Plaintiff wishes to file an amended complaint, she must file the complaint no later than **45 days** from the date of this order.

**IT IS SO ORDERED**.

DATED:  August 5, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge